IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Lewis, #215632, | ) | C/A No.: 1:15-4288-HMH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden, Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Kenneth Lewis is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on (1) Respondent's return and motion for summary judgment filed January 6, 2016 [ECF Nos. 15, 16]; and (2) Petitioner's motions for entry of default filed December 21, 2015 [ECF No. 12], and for default judgment filed December 22, 2015 [ECF No. 13].

Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by February 11, 2016. [ECF No. 17]. Petitioner filed a timely response. [ECF No. 21]. After having carefully considered the parties' submissions and the record in this case, the undersigned

1

recommends that Respondent's motion for summary judgment be granted and that Petitioner's motions for default be denied.

In his motions for default, Petitioner asks the court to enter default against Respondent. Because Respondent timely filed a return on January 6, 2016 [ECF No. 15], after having requested [ECF No. 9] and been granted [ECF No. 10] an extension until January 13, 2016, the undersigned recommends the motions for default [ECF Nos. 12 and 13] be denied.

I.     Factual and Procedural Background

Petitioner was indicted by the Dorchester County grand jury during the March 2004 term of court for assault and battery with intent to kill (2004-GS-18-0160). [ECF No. 15-4]. Petitioner was represented by Marva Hardee-Thomas, Esq., in a jury trial April 12, 2005, before the Honorable James C. Williams, Jr., Circuit Court Judge. [ECF No. 15-1 at 3 *et seq.*].  Judge Williams sentenced Petitioner to 20 years' incarceration. [ECF No. 15-2 at 2–6].

Petitioner filed a timely appeal and was represented by Aileen P. Clare, Assistant Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No. 15-5]. Attorney Clare filed a final *Anders* brief[1] on Petitioner's behalf, raising the following issue:

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967), requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.

> Did the lower court err by admitting into evidence appellant's second videotaped and written statement, when the police continued to question him after he had ended the interrogation, and when the state did not prove that appellant understood his rights when he gave the statements?

[ECF No. 15-5 at 4].

Petitioner filed a pro se response to the *Anders* brief raising the following issues:

I. The Trial Court Lacked Subject Matter Jurisdiction;
II. Appellant Would Argue That His Constitutional Rights Were Violated Because He Was Denied The Right To Present A Complete Defense;
III. The Trial Judge Erred In Refusing To Grant A Direct Verdict of Acquittal Motion.

[ECF No. 15-6 at 3–4].

In an unpublished opinion filed January 14, 2008, the South Carolina Court of Appeals ("Court of Appeals") dismissed Petitioner's appeal. [ECF No. 15-7 at 3–4]. The remittitur issued on January 30, 2008. *Id.* at 1.

On March 14, 2008, Petitioner filed an application for post-conviction relief ("PCR") (2008-CP-18-00671) in which he alleged four claims of ineffective assistance of counsel and a due process violation. [ECF No. 15-2 at 13–26]. William H. Waring, III, Esq., was appointed to represent Petitioner in his PCR. Attorney Waring filed an amended PCR application that incorporated Petitioner's original claims. *Id.* at 27–56. A PCR evidentiary hearing was held before the Honorable J. Edgar Dickson, Circuit Court Judge, on September 16, 2009, at which Petitioner and his counsel appeared. *Id.* at 62–104, 15-3 at 3–10. On December 16, 2009, Judge Dixon filed an order of dismissal. *Id.* at 13–24.

Petitioner timely filed a notice of appeal from the denial of PCR. [ECF No. 15-9]. On or about September 14, 2010, LaNelle Cantey Durant, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a petition for writ of certiorari, raising the following issues:

> 1.      Did the PCR court err in failing to find trial counsel ineffective for not investigating petitioner's case when two EMS workers testified that the victim told them Kip Johnson, not petitioner, shot him?
>
> 2.      Did the PCR court err in failing to find trial counsel ineffective for not stating a specific objection to the admission of petitioner's second videotaped statement when the police continued to question him after petitioner told them to take him back to his cell?

[ECF No. 15-10 at 3].

By order issued January 13, 2012, the Supreme Court of South Carolina transferred the PCR appeal to the Court of Appeals. *See* Rule 243(l), SCACR ("[t]he Supreme Court may transfer a case filed under this rule [governing certiorari review of post-conviction relief actions] to the Court of Appeals"). [ECF No. 15-12]. On August 21, 2013, the Court of Appeals denied the petition for writ of certiorari. [ECF No. 15-13]. The remittitur issued on September 18, 2013. [ECF No. 15-14].

Petitioner filed a second PCR application on September 23, 2013, alleging prosecutorial misconduct and a due process violation. [ECF No. 15-15 at 3]. The Honorable Diane Goodstein, Circuit Court Judge, signed a conditional order of dismissal on May 1, 2014, finding the application was untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed. [ECF No. 15-17]. Petitioner filed three responses to the conditional order of dismissal. [ECF Nos. 15-

4

18, 15-19, and 15-20]. On June 19, 2015, the Honorable Maité Murphy, as Chief Administrative Judge for the First Judicial Circuit, filed a final order dismissing Petitioner's second PCR application. [ECF No. 15-22]. Judge Murphy denied Petitioner's motion to reconsider [ECF No. 15-23] in a Form 4 Order filed June 25, 2015 [ECF No. 15-24]. In a Form 4 Order filed July 8, 2015 [ECF No. 15-26], Judge Murphy also denied Petitioner's petition for writ of mandamus that he had filed with the Dorchester County Circuit Court [ECF No. 15-25]. Petitioner also filed a petition for writ of mandamus with the Supreme Court of South Carolina [ECF No. 15-27], which the court dismissed in an order filed June 17, 2015, citing "no extraordinary reason exists to entertain" it pursuant to *Key v. Currie,* 406 S.E.2d 356 (S.C. 1991). [ECF No. 15-29].

On July 6, 2015, Petitioner filed an appeal in the South Carolina Supreme Court from Judge Murphy's June 19, 2015, order dismissing his successive PCR application. [ECF No. 15-30]. One July 31, 2015, Petitioner provided the following explanation, pursuant to SCACR 243(c)[2]:

> 1.     While it is true Petitioner's second PCR was filed well beyond the expiration of the statute of limitations and his grounds could had conceivably been raised in his former PCR, Petitioner's second PCR was filed no later than <u>one</u> (1) <u>week</u> after the conclusion of his former PCR appeal, and Petitioner began submitting arguements and documents to support his entitlement to proceed well before the Conditional Order of Dismissal was filed. Accordingly, the procedural history supports that

---

[2] SCACR 243(c) provides that "if the lower court has determined that the post-conviction relief action is barred as successive or being untimely under the statute of limitations, the petitioner must, at the time the notice of appeal is filed, provide an explanation as to why this determination was improper. This explanation must contain sufficient facts, argument and citation to legal authority to show that there is an arguable basis for asserting that the determination by the lower court was improper. If the petitioner fails to make a sufficient showing, the notice of appeal may be dismissed."

5

> Petitioner has been deligent in trying to pursue his cause. Therefore, as it seems that Petitioner would of chosen to raise his grounds in the former PCR if he in fact could, the court should of exercised it's equitable powers to overrule the State's affirmative defenses.
>
> 2.   Petitioner contends that the Court should of granted him judgment by default.

[ECF No. 15-31 at 4–5] (errors in original).

On August 20, 2015, the South Carolina Supreme Court dismissed Petitioner's appeal pursuant to SCACR 243(c). [ECF No. 15-32 at 2]. The remittitur issued on September 8, 2015. *Id.* at 1.

On October 16, 2015, Petitioner filed this federal petition for a writ of habeas corpus. [ECF No. 1-3 at 1].[3]

## II. Discussion

### A. Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**   Ineffective assistance of counsel. Prosecutor misconduct Due Process Violation and Writ of Mandamus and addition in failing to object to Applicant being brought to trial in restrints. Counsel failed to move and request that the majority of the jury pool be removed because they were family members of policemen that were working for that county.

**Ground Two:**   In the Court of Common Pleas County of Dorchester on 9, 16, 9. at Orangeburg County Court house.

---

[3]   The petition was received and docketed by the court on October 19, 2015. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on his envelope reflects his petition was deposited in the Evans Correctional mailing system on October 16, 2015. [ECF No. 1-3 at 1].

6

>               Supporting Facts: Ineffective assistance of counsel. And Due Process Violation in failing to object to Applicant being brought to trial in Restrnts Counsel failed to move and request that the majority of the jury pool be removed because they were family members of Policemen that were working for that county.

**Ground Three:**    Prosecutorial misconduct and Due Process Violation Dismissed 8,20,15

>               Supporting Facts: My counsel failing to object to a defective Indictment and prosecutorial Harrison Bell is required to know the laws of this state but he act of perjury against pulbic justice of the professional conduct and my Due Process Right is violated also.

**Ground Four:**    due Process Violation my attorney was ineffective for not objecting to indictment

>               Supporting Facts: Accordingly require strik compliance with its provisions and mandates that the Grand Jury must be impaneled under the Jurisdiction of the court of General Sessions before a Lawful Return of a true Billed Indictment can take place. State had no lawful authority to adopt. And my counsel was Ineffective for failing to object to trial court errors.

ECF No. 1 at 5–10 (errors in original).

### B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary

7

judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

C.      Analysis of AEDPA Bar

1.      AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A)     **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[4]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the

---

[4] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

9

pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances

external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2. Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction

therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[5]

Petitioner's conviction became final on January 29, 2008, upon his failure to file a petition for rehearing. *See* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). His federal time began to run the following day, January 30, 2008. Petitioner filed his PCR application on March 14, 2008, after a lapse of 44 days, leaving 321 days of untolled time. The statute of limitations remained tolled until, at the very latest, September 18, 2013, upon the filing of the remittitur in Dorchester County after the Court of Appeals' August 21, 2013, order denying the petition for writ of certiorari.[6] Petitioner had until August 5, 2014, to file his

---

[5] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

[6] There remains a dispute among the District of South Carolina opinions concerning whether (1) the decision date, (2) the remittitur date, or (3) the date of receipt of the remittitur controls for purposes of calculating the statute of limitations. *See, e.g.*, *Smith v. Warden, Lieber Corr. Inst.*, No. 4:13-3090-BHH, 2014 WL 5503529, at *6 (D.S.C. Oct. 30, 2014) ("The [PCR] appeal was denied by the South Carolina Supreme Court on April 17, 2013, at which time the statute of limitations resumed."); *Lewis v. Cartledge*, No. 1:12-2584-SB, 2014 WL 517469, at *2 (D.S.C. Feb. 6, 2014) ("The statute remained tolled until the South Carolina Supreme Court denied certiorari [in Petitioner's PCR

12

federal habeas petition, but waited until October 16, 2015—at least 437 days too late. Because Petitioner filed outside the one-year statute of limitations, this action is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

---

appeal] on June 12, 2008. On [date], the statute began to run again . . . ."); *Ramirez v. Rawski*, No. 1:13-cv-00200-JMC, 2013 WL 5657655, at *7 (D.S.C. Oct. 15, 2013) ("The statute of limitations remained tolled until the South Carolina Supreme Court denied certiorari on January 12, 2012.") (citing *Gonzalez*); *Goodman v. McCabe*, No. 1:13-cv-594-RMG, 2013 WL 5530522, at *2 (D.S.C. Oct. 7, 2013) ("[T]he Court agrees with the Magistrate Judge's thorough analysis regarding the application of AEDPA's statute of limitations to the facts of this case and agrees that it operates to bar this action."), *adopting in part* No. 1:13-594-RMG-SVH, 2013 WL 5530520, at *3–6 (D.S.C. Sept. 6, 2013) ("The statute of limitations remained tolled until the South Carolina Supreme Court denied certiorari on August 5, 2010."); *cf. Johnson v. Warden, Lee Corr. Inst.*, No. 2:14-cv-0768 DCN, 2015 WL 1021115, at *9 (D.S.C. Mar. 9, 2015) ("The statute of limitations remained tolled during the pendency of the PCR action which began on April 13, 2009, and lasted until the Remittitur for the PCR Appeal was issued on June 20, 2013."); *Byers v. Warden of McCormick Corr. Inst.*, No. 8:14-cv-0969 DCN, 2015 WL 846544, at *8 (D.S.C. Feb. 26, 2015) (using date remittitur was issued); *Brannon v. Stevenson*, No. 9:13-cv-1792-RMG, 2014 WL 4954884, at *14 (D.S.C. Sept. 29, 2014) (using the date the remittitur was issued "out of an abundance of caution and in light of Petitioner's *pro se* status, and in order to allow for a more thorough analysis of Petitioner's claims"); *Bradshaw v. McCall*, No. 0:12-cv-03624-DCN, 2014 WL 463142, at *7 n.3 (D.S.C. Feb. 4, 2014) (using the date the remittitur was issued "out of an abundance of caution" but recognizing "that case law may support the assertion that [ ] a state PCR action is no longer pending for purposes of § 2244(d)(2) once a state appellate court has denied relief"); *Atchison v. Warden of Broad River Corr. Inst.*, No. 9:10-2059-SB-BM, 2011 WL 2728469, at *3 n.7 (D.S.C. May 26, 2011) (using date remittitur was issued); *Beatty v. Rawski*, No. 1:13-3045-MGL-SVH, 2015 WL 1518083, at *2–6 (D.S.C. Mar. 31, 2015)(rejecting use of decision date in the report and recommendation and holding the date the remittitur was filed in circuit court for purposes of calculating the statute of limitations); *Beatty v. Rawski,* 1:13-3045-MGL-SVH (D.S.C. July 12, 2015) (denying Respondent's Fed. R. Civ. P. 59 motion).

### 3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 659 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

#### a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. Petitioner's tardiness in filing this petition does not suggest that he has diligently pursued his rights.

Petitioner's filing of his successive PCR application did not toll the statute of limitations. *Pace*, 544 U.S. at 417 (holding that petitioner's PCR application, having been rejected by the state court as untimely, was not "properly filed" to entitle him to statutory tolling under §2244(d)(2)). *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

        b.      Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned finds that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle him to equitably toll the AEDPA's statute of limitations. *Cullen v. Pinholster*, --- U.S. ---, ---, 131 S. Ct. 1388, 1398 (2011) ("review under § 2254(d) (1) is limited to the record before the state court that adjudicated the claim on its merits").

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 16] be granted and Petitioner's motions for entry of default [ECF No. 12] and default judgment [ECF No. 13] be denied.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 22, 2016  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).